**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CORINIO PRUITT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:22-cv-02855-BCL-atc** |
| | ) | |
| **KENNETH NELSON, Warden,** | ) | **CAPITAL CASE** |
| | ) | |
| **Respondent.** | ) | |

**RESPONDENT'S MOTION FOR EXCUSAL FROM THE REQUIREMENT TO FILE AN ANSWER UNDER HABEAS RULE 5**

Respondent respectfully moves this Court for excusal from the requirement to file an answer under Habeas Rule 5, as directed in all prior case management orders, and be allowed to otherwise respond to Petitioner's amended petition for writ of federal habeas corpus in the form of a motion to dismiss, as contemplated in Habeas Rule 4, at this time. (ECF No. 8, PageID 190; ECF No. 33, PageID 10768.) Although the Court has given its own notice to the parties that "[t]he Court makes no representations about the timely filing of Petitioner's claims under 28 U.S.C. § 2244(d)[,]" (ECF No. 8, PageID 189 n.1), the prior scheduling orders did not contemplate Respondent otherwise responding to Petitioner's amended petition by asserting the affirmative defense of the statute of limitations in a fashion other than an answer.

Under Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Likewise, the Federal Rules of Civil Procedure "apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings: (A) is not specified in a federal

statute [or] the Rule Governing Section 2254 Cases . . .; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. Pro. 81 (a)(4)(A)-(B). Habeas Rule 4 directs a district court to conduct a preliminary review of the petition and, if it does not "plainly appear[] from the petition" that the petitioner is not entitled to relief, "the judge must order the respondent to file an answer, motion, or otherwise respond within a fixed time[.]" District courts within the Court's district have long been permitted respondents to file a response in the form of a motion to dismiss, if appropriate, in federal habeas proceedings. *See e.g. Lambert v. Perry,* No. 1:16-cv-02783, 2017 WL 4295232, at *1 (W.D. Tenn. Sept. 27, 2017) (Order); *Smith v. Parris,* No. 14-cv-1082, 2015 WL 430173, at *3 (W.D. Tenn. Feb. 2, 2015) (Order).

The Court's decision as to whether Petitioner's original petition for writ of federal habeas corpus is time-barred, or whether he is entitled to equitable tolling or some other excusal from the statute of limitations, is a crucial threshold issue—the resolution of which is outcome determinative to the federal habeas corpus proceedings. For this reason, Respondent respectfully requests the Court excuse Respondent from the amended scheduling order to the extent that the amended scheduling order directs Respondent only to file an answer under Habeas Rule 5 and not file a motion otherwise respond to the amended petition.

Wherefore, Respondent respectfully moves the Court for excusal from the requirement to file an answer under Habeas Rule 5 and be allowed to otherwise respond to Petitioner's amended petition for federal habeas corpus in the form of a motion to dismiss based on timeliness grounds at this time.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Sarah J. Stone*
SARAH J. STONE
Assistant Attorney General
Federal Habeas Corpus Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 253-1967
Sarah.Stone@ag.tn.gov
B.P.R. No. 038824

## CERTIFICATE OF SERVICE

I certify that the foregoing Memorandum of Law was filed electronically on July 8, 2026. A true and correct copy of that filing was forwarded on the same day by this Court's ECF system to: Counselors for Petitioner, Gerald W. King, Jr. and Gretchen L. Swift, Capital Habeas Unit for the Fourth Circuit, 129 W. Trade Street, Suite 300, Charlotte, North Carolina, 28226; gerald_king@fd.org; gretchen_swift@fd.org.

*/s/ Sarah J. Stone*
SARAH J. STONE
Assistant Attorney General