**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**CORINIO PRUITT,**

    Petitioner,

v.                                                                                    No. 2:22-cv-02855-BCL-atc

**KENNETH NELSEN, Warden,**

    Respondent.

---

**ORDER DENYING MOTION FOR EXCUSAL FROM THE REQUIREMENT TO FILE
AN ANSWER UNDER HABEAS RULE 5, ORDER GRANTING IN PART AND
DENYING IN PART THE JOINT MOTION TO AMEND SCHEDULING ORDER, AND
THE AMENDED SCHEDULING ORDER**

---

Before the Court are Respondent's Motion For Excusal From The Requirement To File An Answer Under Habeas Rule 5, Doc. 51, and the Joint Motion to Amend Scheduling Order, Doc. 52.  For the reasons stated below, the Motion for Excusal is **DENIED**, and the Joint Motion to Amend Scheduling Order is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

In December 2022, Petitioner Corinio Pruitt, a death-sentenced inmate, filed a motion to appoint counsel in preparation for filing his federal habeas petition. Doc. 1; *see In Re: Corinio Pruitt*, 2:22-mc-00028.  The then-presiding judge, Judge Thomas Fowlkes, appointed counsel. *Id.*, Doc. 4.  In September 2023, Petitioner, through counsel, filed a petition for writ of habeas corpus. Civ. No. 22-2855, Doc. 6. In January 2024, Judge Fowlkes entered a Case Management Order with specific directions for filing an answer to the habeas petition. Doc. 8 at 3-4.  The Order instructed

> The answer shall address each alleged ground for relief and shall be fully briefed
> with citations to the state court record and to governing Supreme Court precedent.

> For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument.

*Id.* Further, the Order advised that "[t] he parties' respective positions should be adequately briefed in their pleadings to enable a final ruling from the Court, subject to the Court's determination of the need for additional discovery or an evidentiary hearing." *Id.* at 4. The instructions were repeated in an Amended Case Management Order in August 2024. Doc. 33 at 1-2.

Petitioner filed an amended petition on September 10, 2025, Doc. 38, after being granted extensions of time to file an amended petition. Docs. 35, 37. On December 3, 2025, Judge Fowlkes granted Respondent an extension of time to respond to the amended petition, and an Amended Case Management Order was entered. Doc. 40. Judge Fowlkes then transferred the case to Judge Lipman, who in turn transferred it to the undersigned in March 2026. Docs. 41-42, 44.

On April 13, 2026, the Court granted a second extension of time to answer the amended petition. Doc. 45.On June 9, 2026, the Court granted a third extension of time to respond to the amended petition, set July 8, 2026, as the deadline to respond to the amended petition, and set September 8, 2026, as the deadline to file a joint discovery statement. Doc. 47. The Court ordered the parties to submit a draft proposed scheduling order "reflecting the schedule as modified by these extensions." *Id.* The Court also "ADVISED that further motions for extension will be viewed skeptically and will not be granted absent unforeseeable good cause, which does not include general busy-ness." *Id.*

On June 15, 2026, the parties proposed a scheduling order. Doc. 48. The Court entered the Amended Scheduling Order with the proposed deadlines the following day. Doc. 49. On July 8, 2026, the deadline for filing an answer to the petition (Doc. 49), Respondent filed a motion to

dismiss based on the statute of limitations (Doc. 50) and a Motion for Excusal. Doc. 51. On July 21, 2026, the parties filed a Joint Motion to Amend Scheduling Order. Doc. 52.

### **MOTION FOR EXCUSAL**

Respondent acknowledges that the prior scheduling orders did not contemplate that Respondent would be asserting the affirmative defenses via motion. Doc. 51. But Respondent asserts that district courts have permitted a respondent to file a response in the form of a motion to dismiss in federal habeas proceedings. *Id.* Further, Respondent asserts that the Court's decision about whether the habeas petition is time-barred is a "crucial threshold issue" that is "outcome determinative to the federal habeas proceedings." *Id.* He asks that he be excused from filing an answer under Habeas Rule 5. *Id.*

This Court denies the Motion for two independently sufficient reasons. First, Respondent did not file a certificate of consultation as required by Local Rule 7.2(a)(1)(B). The "[f]ailure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion." *See* Local Rule 7.2(a)(1)(B), United States District Court, Western District of Tennessee, Local Rules (last accessed July 21, 2026). Second, the Scheduling Orders ordered Respondent to file an answer under Habeas Rule 5. Given the extensive extensions allowed to date, the need for an answer has only increased. Respondent's last-minute motion for excusal therefore must be denied.

Respondent is not precluded from arguing the statute of limitations as an affirmative defense. And Petitioner is not precluded from arguing that the statute of limitations is satisfied, tolled, or otherwise excused. But because this case has been pending since 2022, further delay in briefing of the substantive issues and procedural defenses while the Court rules on the Motion to Dismiss is not warranted. Respondent has failed to comply with Local Rule 7.2 and has not shown

good cause to be excused from filing an answer as required by the Court's Case Management Orders. Docs. 8, 33. For these reasons, Respondent's motion is **DENIED**.

### JOINT MOTION TO AMEND SCHEDULING ORDER

The parties have filed a Joint Motion to Amend Scheduling Order, Doc. 52, seeking to: (1) provide Petitioner with sixty days to respond to Respondent's Motion to Dismiss and Respondent's Motion For Excusal and (2) correct errors in the discovery deadlines previously provided by the Parties. *Id.* at 1. Because the Motion for Excusal has now been resolved, no deadline is needed for that response.

The Court otherwise accepts the generally framework of the Parties' proposed schedule on the basis that they earlier proposed dates that did not reflect their agreement, but it does so with the modifications below (e.g., to keep briefing on the petition on a single track and to account for Respondent's continuing need to answer to the amended petition as earlier ordered). The Court **GRANTS IN PART** the Motion and amends the Scheduling Order as follows:

| | |
|---|---|
| **ANSWER TO AMENDED PETITION:** | August 24, 2026 |
| **RESPONSE TO MOTION TO DISMISS:** | August 24, 2026 |
| **REPLY TO ANSWER:**[1] | September 14, 2026 |
| **REPLY IN SUPPORT OF MOTION TO DISMISS[2]:** | September 14, 2026 |
| **JOINT DISCOVERY STATEMENT:** | September 24, 2026 |
| **AGREED DISCOVERY COMPLETED:** | December 23, 2026. |
| **DISCOVERY MOTIONS:** | January 22, 2027. |
| **RESPONSE TO DISCOVERY MOTIONS:** | February 22, 2027. |

---

[1] Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer.

[2] Any Reply should be limited to disputing specific points of fact or law raised by the Opposition.

As the Court has previously stated, further motions for extension (or, it should be added, adjustment of scheduling orders to enlarge deadlines) will be viewed skeptically and will not be granted absent unforeseeable good cause, which does not include general busy-ness. Doc. 47.

**IT IS SO ORDERED** this 26th day of July, 2026.

*s/Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE