IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CORINIO PRUITT,<br>Petitioner, | ) | |
| v. | ) | No. 2:22-cv-02855-BCL-atc |
| KENNETH NELSEN, Warden, Riverbend Maximum Security Institute, | ) | CAPITAL CASE |
| Respondent. | ) | |

**MOTION TO SUSPEND SCHEDULING ORDER**

Corinio Pruitt respectfully moves this Court to suspend the current scheduling order in this matter, ECF No. 53, in light of Respondent's assertion that his pending petition for federal habeas corpus relief is now subject to Chapter 154 of Title 28 of the United States Code, which would alter the timeline and legal standards governing this Court's review of his claims of constitutional error.

Any application of Chapter 154 to Mr. Pruitt's petition would require new investigation and briefing as to whether Mr. Pruitt in fact received the benefit of the state post-conviction mechanism that was certified under Chapter 154. However, Mr. Pruitt is currently seeking *de novo* review of the Attorney General's certification of Tennessee's state post-conviction mechanism in the U.S. Court of Appeals for the D.C. Circuit; if successful, that proceeding would obviate any need to determine whether Chapter 154 applies to his petition. He accordingly submits that the interests of judicial economy support a suspension of briefing while Tennessee's certification is under its statutorily required review.

Respondent opposes suspending the scheduling order and will file a response to Mr. Pruitt's motion. In support of his motion, Mr. Pruitt shows as follows:

**1. Background**

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") amended the statutes governing federal habeas proceedings to add 28 U.S.C. Chapter 154, which provides limited and expedited federal habeas review to those states that adopted a qualifying mechanism for the appointment and compensation of counsel in state post-conviction proceedings. Chapter 154 offers a *quid pro quo*: if a state timely provides competent counsel and reasonably necessary financial resources for state post-conviction proceedings, it receives expedited and curtailed federal habeas review.

Subsequently, the USA Patriot Improvement and Reauthorization Act of 2005 delegated the authority to "certify" whether a state mechanism qualified under Chapter 154 to the United States Attorney General. *See* Pub. L. 109-177, § 507(b), 120 Stat. 192, 250 (2006), codified at 28 U.S.C. § 2265. Under the revised statute, the provisions of Chapter 154 apply only if: (1) the Attorney General of the United States "certifies that a State has established a mechanism for providing counsel in post-conviction proceedings," and (2) "counsel was appointed pursuant to that mechanism" in the habeas petitioner's state post-conviction proceedings. 28 U.S.C. § 2261(b). The amended statute also requires the Attorney General to "promulgate regulations to implement the certification procedure." 28 U.S.C. § 2265(b).

When Mr. Pruitt filed his amended petition for federal habeas corpus relief on September 10, 2025, Tennessee's state mechanism had not been certified under Chapter 154.

Following extensions of time, this Court directed Respondent to answer or otherwise respond to Mr. Pruitt's amended petition by July 8, 2026. ECF No. 47. On that date, Respondent filed motions to dismiss Mr. Pruitt's amended petition as untimely and to be excused from the requirement to file an answer under Habeas Rule 5. ECF Nos. 50, 51.

On July 10, 2026, the Attorney General certified that Tennessee's state mechanism qualified under Chapter 154 as of July 1, 1997. 91 Fed. Reg. 42761, 42762 (Jul. 10, 2026).

In response to the parties' joint motion to amend or correct the scheduling order in this case, this Court entered an order on July 26, 2026, which denied Respondent's motion to be excused from filing an answer and directed Respondent to file their answer to Mr. Pruitt's amended habeas petition, and Mr. Pruitt to file his response to Respondent's motion to dismiss that petition as out of time, by August 24, 2026. ECF No. 53. The parties filed on that date. Respondent submitted a 229-page answer; at pages 90 to 94, Respondent asserted that Chapter 154's provisions should apply to Mr. Pruitt's petition. ECF No. 55 at 90-94.

Per this Court's July 26 order, Mr. Pruitt's reply in support of his amended petition, and Respondent's reply in support of their motion to dismiss, are presently due on September 14, 2026.

Tennessee is currently the only state certified under Chapter 154.[1] Chapter 154's expedited federal habeas corpus procedures have never been applied to a single case. *See* 91 FR 12525. Respondent's Answer asks this Court to make Mr. Pruitt the first.

One step remains before Tennessee's Certification under Chapter 154 is final. Congress provided that the Attorney General's certification decision is subject to *de novo* review by the Court of Appeals for the D.C. Circuit. 28 U.S. Code § 2265(c). This mandatory *de novo* review entails a reexamination of the Attorney General's conclusion in light of all available evidence, with the Court of Appeals "put[ting] itself in the [Attorney General's] place" and deciding the certification question "anew," *Doe v. United States*, 821 F.2d 694, 698 (D.C. Cir. 1987) (*en banc*). The D.C. Circuit's "fresh, independent determination" of the underlying matter is not limited to or constrained by the administrative record, and the Attorney General's certification decision will be due no deference. *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 866 (D.C. Cir. 1989); *accord United States v. First City Nat'l Bank of Houston*, 386 U.S. 361, 368 (1967) (where Congress prescribed *de novo* review, it intended that the reviewing court decide the underlying issue "completely

[1] Arizona was previously the only certified state under Chapter 154. Arizona was certified on April 14, 2020, with the effective date of May 19, 1998. *See* Certification of Arizona Capital Counsel Mechanism, 85 FR 20705 (April 14, 2020). But, as opposed to Respondent in this case, the Arizona Attorney General's Office did not seek application of Chapter 154 to federal habeas petitions that were pending at the time of certification. The Attorney General later withdrew Arizona's certification effective January 17, 2025. *See* Denial of Arizona Chapter 154 Certification, A.G. Order No. 6157-2025.

and on its own," giving no "special weight to the [agency's] determination") (internal quotation marks omitted).

On September 4, 2026, Mr. Pruitt, represented by undersigned counsel Gerald King, filed a petition for review of the certification of Tennessee's mechanism in that court. (Exhibit A). The petition asks the D.C. Circuit to set aside Tennessee's certification because (1) "Tennessee's mechanism does not, in fact, satisfy the statutory requirements for certification"; (2) the Attorney General "did not apply the operative implementing regulations for certification procedure"; and (3) "the certification process itself is fundamentally flawed and unconstitutional." Ex. A at 2. Both parties' initial submissions, including the Statement of Issues and all dispositive motions, are due on or before October 19, 2026.

**2. Determining whether Chapter 154 applies in Mr. Pruitt's case would be time- and resource-intensive.**

Even setting aside the issues reserved by Congress for review in the D.C. Circuit, determining whether Chapter 154 applies in Mr. Pruitt's case would require this Court to resolve several novel and complex issues of law and fact.

First, before applying Chapter 154, this Court would have to decide whether its provisions can lawfully be applied retroactively to federal habeas petitions already pending at the time of Tennessee's certification. Such a determination would require this court to decide several questions of constitutional magnitude, including: (1) whether Congress intended the retroactive application of the provisions of Chapter 154 to habeas petitions that were already pending when a state was certified; (2) whether retroactive application runs afoul of the Suspension Clause or Due

Process Clause; and (3) if the court were to apply Chapter 154's 180-day statute of limitations retroactively, whether equitable tolling applies. No court has ever decided any of these questions. Indeed, the Attorney General's certification of Tennessee anticipated that, "[t]o the extent any individual habeas cases present retroactivity questions, those issues may be raised to the federal courts adjudicating those petitions." 91 Fed. Reg. at 42766.

Second, this Court would have to decide whether Mr. Pruitt in fact received the benefits on which Chapter 154 certification is predicated: competent, adequately resourced counsel provided in a timely manner in his state habeas corpus proceedings. 28 U.S.C. 2261(b)(2); *see* 78 Fed. Reg. 51860, 58162 (Sep. 23, 2013) ("The case-specific function of ascertaining whether counsel was appointed pursuant to the certified mechanism is reserved to Federal habeas courts, which can address individual irregularities and decide whether the Federal habeas corpus review procedures of chapter 154 will apply in particular cases.") Determining that requires answering, *inter alia*, the following questions:

(1) Whether counsel was provided to Mr. Pruitt in a manner that was "reasonably timely in light of the time limitations for seeking State and Federal postconviction review and the time required for developing and presenting claims in the postconviction proceedings." 28 CFR 26.21.

(2) Whether Mr. Pruitt's appointed counsel met competency standards for post-conviction counsel in capital cases. *See* 28 U.S.C. 2261(b); 28 CFR 26.22(b)(2).

(3) Whether Mr. Pruitt's appointed counsel received adequate compensation. *See* 28 U.S.C. 2265(a)(1)(A); 28 CFR 26.22(c).

(4) Whether the state provided for the payment of reasonable litigation expenses of appointed post-conviction counsel. *See* 28 U.S.C. 2265(a)(1)(A); 28 CFR 26.22(d).

**3. Whether Chapter 154 applies is a threshold inquiry affecting the resolution both of the statute-of-limitations question and the merits of Mr. Pruitt's petition.**

Respondent asserts that Chapter 154's 180-day deadline applies retroactively to Mr. Pruitt's petition, even though it was filed before Tennessee was certified. ECF No. 55 at 92-93. Given that assertion, this Court would be asked to adjudicate the above-detailed constitutional and statutory interpretation questions regarding whether the Chapter 154 statute of limitations can lawfully apply to petitions that were already pending when a state was certified. These questions are of particular importance in Mr. Pruitt's case because he was not appointed state post-conviction counsel pursuant to the certified mechanism until after the 180-day period had already lapsed. Moreover, if Chapter 154 applies, Mr. Pruitt would need to submit supplemental briefing establishing his right to the equitable tolling of his statute of limitations.

Respondent also asks this Court to apply Chapter 154's strict limitations to its review of any procedurally defaulted claims. ECF No. 55 at 93. Respondent asserts that seven of Mr. Pruitt's claims were not raised or decided before the state courts. *See* ECF No. 55 at 116 (Claim 5); *Id.* at 120 (Claim 7); *Id.* at 226 (Claim 9); *Id.* at 131

(Claim 13); *Id.* at 133 (Claim 14); *Id.* at 134 (Claim 15); *Id.* at 143 (Claim 17). Without knowing whether Chapter 154 applies, Mr. Pruitt cannot adequately address procedural default or any applicable exceptions within the current briefing schedule, which requires a reply to Respondent's answer by September 14, 2026.

Mr. Pruitt respectfully suggests that neither the merits nor timeliness questions can be adequately briefed or argued without first knowing whether the provisions of Chapter 154 apply to this Court's review of his conviction and death sentence. Determining whether Chapter 154 applies to his specific case would require extensive investigation and briefing that the D.C. Circuit's statutorily required and pending *de novo* review could render moot. The course that best promotes judicial economy is for this Court to defer those questions until and unless the D.C. Circuit approves Tennessee's certification. A suspension of the briefing schedule will also allow the parties to research and investigate the above issues to prepare for if the D.C. Circuit upholds Tennessee's certification.

**4. Conclusion**

Mr. Pruitt respectfully moves this Court to suspend the briefing schedule in this case pending the resolution of his petition for review of Tennessee's Chapter 154 certification in the D.C. Circuit Court. Mr. Pruitt proposes submitting status reports at intervals of 30 days and the convening of a status conference upon the conclusion

of the D.C. Circuit's review. To the extent it would assist this Court, Mr. Pruitt proposes a status conference concerning this motion and the course of this litigation.

Submitted this 9th day of September 2026.

*/s/ Gerald W. King, Jr.*
Gerald W. King, Jr.
Chief
Gerald_king@fd.org

Gretchen L. Swift
Assistant Federal Public Defender
Gretchen_Swift@fd.org

Capital Habeas Unit
for the Fourth Circuit
Federal Public Defender
Western District of North Carolina
129 W. Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Fax: (704) 375-2287

Counsel for Petitioner

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule, 7.2 (B), immediately after submitting his petition for review in the D.C. Circuit Court on Friday, September 4, Mr. Pruitt's counsel, Gerald King, conferred with Respondent's counsel, Sarah Stone, via telephone about whether they would join or consent to this filing. Earlier today, the parties corresponded via email and determined that they could not agree. Mr. Pruitt has accordingly filed this motion and is authorized to state that Respondent opposes staying the briefing schedule pending the resolution of the D.C. litigation and will file a response to Mr. Pruitt's motion.

Date: September 9, 2026

*/s/ Gerald W. King, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served on counsel for Respondent, Assistant Attorney General Sarah Stone, by electronic case filing via the PACER/ECF system.

Date: September 9, 2026

*/s/ Gerald W. King, Jr.*