**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CORINIO PRUITT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:22-cv-02855-BCL-atc** |
| | ) | |
| **KENNETH NELSEN, Warden,** | ) | **CAPITAL CASE** |
| | ) | |
| **Respondent.** | ) | |

---

**RESPONDENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO SUSPEND SCHEDULING ORDER**

---

Respondent opposes Pruitt's motion to suspend the operative scheduling order pending collateral litigation related to the Attorney General's recent certification of Tennessee's method for providing counsel in capital post-conviction cases, under Chapter 154 in Title 28 of the United States Code. (ECF No. 56.) The Court need not delay this case for that litigation when its resolution is not necessary to resolve Pruitt's habeas corpus petition. Even if Pruitt were successful there—or if Chapter 154 were found not to apply in his case for some reason—the Court still must deny the petition upon review of the record, the positions of the parties, and the governing law pre-certification. The interests of justice do not weigh in favor of further delay on Pruitt's habeas corpus case for his collateral litigation on the Attorney General's certification decision when the Court can resolve the petition now without regard to Chapter 154. A statutory mechanism intended to expedite habeas corpus review of capital cases should be no basis for delaying resolution of this capital case. *See Lindh v. Murphy*, 521 U.S. 320, 330-31 (1997) ("Chapter 154 provides for expedited filing and adjudication of habeas applications in capital cases when a State has met certain conditions.").

Under 28 U.S.C. § 2261, the Attorney General recently certified that Tennessee has established a mechanism for providing counsel in capital post-conviction proceedings. 91 Fed. Reg. 42761 (Jul. 10, 2026). This certification places certain limitations on a district court's review of a Tennessee capital habeas corpus petition if Tennessee provided post-conviction counsel to the petitioner under that mechanism. 28 U.S.C. § 2261(b)(2). The Attorney General declined to stay its certification decision pending judicial review. *Id*. at 42774-75. Pruitt has petitioned for judicial review of the Attorney General's certification decision in the United States Court of Appeals for the District of Columbia Circuit, as authorized by 28 U.S.C. § 2265(c). In Pruitt's view, his success in that action "would obviate any need to determine whether Chapter 154 applies to his petition;" therefore, "the interests of judicial economy support a suspension of briefing while Tennessee's certification is under its statutorily required review." (ECF No. 56, PageID 11280.)

However, as Respondent explained in his answer, Pruitt's petition is readily subject to dismissal as untimely and meritless even absent certification and consideration of Chapter 154. (ECF No. 55, PageID 11140-44.) In Respondent's answer to Pruitt's amended petition, Respondent notified the Court and Pruitt of the Attorney General's recent certification of Tennessee's mechanism for providing post-conviction counsel in capital cases. (*Id.*) Because the Attorney General certified that Tennessee has established a qualifying mechanism, as of July 1, 1997, and because Tennessee provided Pruitt counsel through that mechanism via the Office of the Post-Conviction Defender, Respondent indicated that the special procedures in Chapter 154 apply to Pruitt's case. (*Id.*) Still, Respondent explained the minimal impact those procedures could have on Pruitt's case because (1) Pruitt's petition is already untimely under 28 U.S.C. § 2244(d), and (2) he has shown no basis to overcome the procedural default of certain claims, even if he could attempt to do so. (*Id.*) Respondent then proceeded to address Pruitt's various

claims without regard to Chapter 154. Thus, the logic of Pruitt's own motion supports the Court addressing these grounds for dismissal outside of Chapter 154, as doing so "would obviate any need to determine whether Chapter 154 applies to [Pruitt's] petition" and further "the interests of judicial economy" by allowing the Court to resolve the petition without having "to resolve several [supposedly] novel and complex issues of law and fact." (ECF No. 56, PageID 11280, 11284.)

Because Pruitt's petition fails even absent Chapter 154, the Court need not delay this case further when it may resolve (and dismiss) the petition without applying Chapter 154. Nothing now inhibits Pruitt's ability to reply to the arguments advanced in Respondent's answer on his various claims. Should the Court decline to stay the proceedings at this juncture and then should the Court later determine in its review of the case that application of Chapter 154 is somehow dispositive to the case's resolution, then at that point, the interests of judicial economy might weigh in favor of a stay and then briefing by the parties on Chapter 154's impact. But at this juncture, Pruitt has identified no persuasive reason to delay the current proceedings, and the Court should deny Pruitt's motion to suspend the scheduling order.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*_/s/ Sarah J. Stone_*
SARAH J. STONE
Assistant Attorney General
Federal Habeas Corpus Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 253-1967
Sarah.Stone@ag.tn.gov
B.P.R. No. 038824

**CERTIFICATE OF SERVICE**

I certify that the foregoing Response in Opposition was filed electronically on September 18, 2026. A true and correct copy of that filing was forwarded on the same day by this Court's ECF system to: Counselors for Petitioner, Gerald W. King, Jr. and Gretchen L. Swift, Capital Habeas Unit for the Fourth Circuit, 129 W. Trade Street, Suite 300, Charlotte, North Carolina, 28226; gerald_king@fd.org; gretchen_swift@fd.org.

*/s/ Sarah J. Stone*
SARAH J. STONE
Assistant Attorney General