**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**CORINIO PRUITT**,

*Petitioner*,

v. Case No. 2:22-cv-2855-BCL-atc

**KENNETH NELSON**,

*Respondent*.

---

**ORDER GRANTING MOTION TO SUSPEND SCHEDULING ORDER**

---

The Court is in receipt of Petitioner's Motion to Suspend Scheduling Order (Doc. 56), by which Petitioner seeks to suspend the scheduling order pending the outcome of separate litigation challenging application of Chapter 154 of Title 28 of the United States Code, which in some respects alters the standards applicable to a federal habeas petition in cases where the state post-conviction mechanism was certified under that Chapter. Respondent opposes the Motion, primarily on the ground that Petitioner's claims should fail even under the pre-Chapter 154 standard. Doc. 59.

The Motion is **GRANTED**. The Court recognizes that a statutory mechanism designed to streamline habeas review in some respects generally should not slow that review down. But for the limited universe of cases pending when certification occurred, a challenge to the certification can significantly impact the analysis. Here, Respondent has invoked Chapter 154, and it would be wasteful to bifurcate proceedings so that claims and defenses are resolved first under the pre-Chapter 154 standard and then, second and if necessary, under the Chapter 154 standard.

Therefore, it is **ORDERED**:

- Further proceedings on the merits are **STAYED** pending the Court of Appeals of the District of Columbia Circuit's resolution of Petitioner's challenge to the Attorney General's certification under Chapter 154, in keeping with Congress' decision to route challenges to certification to that venue.
- Notwithstanding the stay described in the preceding paragraph, the Parties **SHALL** alert the Court within seven days concerning whether Chapter 154, or the certification litigation related to it, has any potential impact on resolution of Respondent's motion to dismiss based on the statute of limitations. Such filings **SHALL** be limited to three pages.

**IT IS SO ORDERED**, this 24th day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE